**FILED**
AUG 2 2 2014
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES | : | |
|---|---|---|
| | : | |
| | : | Criminal Case No. 14-158 |
| v. | : | |
| | : | |
| JAMAL TYREE | : | |

## STATEMENT OF THE OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Jamal Tyree and the United States agree and stipulate that Jamal Anthony Tyree was employed by Brinks Incorporated from approximately October 2008 until approximately January 2011. Initially Tyree was employed as a Brinks driver, but he eventually became a "messenger" for a Brinks armored truck. As a messenger, Tyree was responsible for picking up and dropping off United States currency at commercial businesses in the District of Columbia and filling Automated Teller Machines (ATMs) in the District of Columbia with United States currency.

In February of 2009, as part of his position as a Brinks messenger, Tyree was supposed to fill an ATM located in Washington, D.C. with United States currency. In February 2009, Tyree did not refill the ATM with that full amount - instead he stole some of the United States currency for his own use. Over approximately the next six months, Tyree continued to steal money that was designated for an ATM serviced by Brinks. Over this period of time, Tyree stole approximately $20,000. In September of 2009, Tyree learned that Brinks was about to lose their contract with the ATM from which he had been stealing money. Tyree realized that once the contract was completed, Brinks would do an audit of the ATM, which would disclose the $20,000 shortage. In order to avoid detection, Tyree developed a plan to cover up his $20,000

1

2

theft from the ATM. This plan involved stealing money designated by Brinks for placement in two other ATMs belonging to Georgetown Federal Credit Union, and located on the grounds of Georgetown University in Washington, D.C. On or about January 4, 2011, Tyree stole $16,000 of currency belonging to Georgetown University Federal Credit Union and designated for one of these ATMs, and $4,000 of currency belonging to Georgetown University Federal Credit Union and designated for another ATM. Tyree used these funds to replace the $20,000 he had taken from the currency designated for the ATM from which he initially stole money. In addition to this $20,000, Tyree took an additional $8,000 from the funds belonging to Georgetown University Federal Credit Union and designated for the Georgetown Federal Credit Union ATMs. Thus, the total amount stolen from the money stolen from the Georgetown Federal Credit Union ATMs was $28,000. Georgetown Federal Credit Union is federally insured by the National Credit Union Administration.

Between approximately March 2009 and December 2010, Tyree stole money from several Sun Trust Bank ATMs and two United Bank ATMs located in Washington, D.C., that he was supposed to fill. Both Sun Trust and United Banks are federally insured by the Federal Deposit Insurance Corporation. Tyree would steal from the cash supplied by Brinks that he was supposed to use to refill the ATMs, as opposed to taking money directly from the ATMs. He would break open the bag of new money while in the back of the Brinks truck, place some of the money in his pocket, and use the remainder of the money to refill the ATMs. He would leave the stolen money in his pocket until he arrived home each day. Tyree tried to keep an accurate count of the money he had stolen that was designated for each ATM, so that he could "float" funds, which means he would replace that money with funds stolen from other ATMs, in order avoid detection. As time went on, Tyree began to lose count of how much money he had stolen from

each of the ATMs. It became harder for him to remember how much money he needed to steal from one ATM to replace the funds he had taken from another ATM. Eventually, Brinks began to notice that Tyree's ATM balance sheets were showing shortages. Brinks then conducted a physical audit of the ATMs serviced by Tyree. All told, in addition to the $28,000 stolen from the Georgetown Federal Credit Union, Tyree stole approximately $17,220 of funds belonging to Sun Trust Bank and United Bank.

In January 2011, Tyree confessed to these thefts. According to Tyree, the stolen funds were used primarily to pay bills and care for his daughter. To date, Tyree has repaid $9,160 of the stolen money.

### Limited Nature of Proffer

This proffer of evidence is not intended to constitute a complete statement of all facts known by Jamal Anthony Tyree, but is merely a statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged offense.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney

/s/ Catherine K. Connelly
Catherine K. Connelly
Mass. Bar No. 649430
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Catherine.Connelly2@usdoj.gov
202-252-7732

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts as to my guilty plea to Bank Larceny, in violation of 18 U.S.C. § 2113(b). I have discussed this proffer fully with my attorney, Tony Miles, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 8/22/2014

*Jamal Tyree*
Jamal Tyree
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea proffer and reviewed them with my client. These pages accurately and completely set forth the facts to which my client admits guilt.

Date: 8/22/14

Tony Miles, Esquire
Attorney for the Defendant